[No. 7,156.—Department One.]

## JOSEPH KILE *v.* SILAS TUBBS.

CONSTRUCTION OF ACT OF JULY 23, 1866, TO QUIET LAND TITLES IN CALIFORNIA SWAMP LAND—STATE SELECTION—PATENT.—In an action by the holder of a State swamp land patent against a United States patentee for the same land to compel a conveyance:

*Held:* (1) The first section of the act of July 23, 1866, referred only to *selections* made by the State, and not to lands claimed by the State as part of the swamp-land grant.

(2) If the land in controversy was swamp land, the title having already passed to the State, the subsequent patent was void, and conveyed no title; and if the land was not swamp, the State patent was void and gave the plaintiff no right; and in either case the plaintiff could not maintain this action.

APPEAL from a judgment for the defendant in the Superior Court of the County of San Joaquin. PATERSON, J.

The judgment was rendered upon a demurrer to the complaint.

*J. B. Hall*, for Appellant.

The facts found by the Department brought the claim of the State within the provisions of the first section of the Act (July 23d, 1866), and entitled the State to the certification

authorized by its second section. In 1871, the Department of the Interior, through the Attorney-General and Secretary, considered and construed, in the most authoritative manner, the scope and effect of the first section in question, as it concerned "swamp lands," and adjudged that State sales of lands claimed to be of that character are covered by this section (and sections 2 and 3), and the lands sold are confirmed beyond controversy. (Copp's Public Land Laws, 16, 457, 472, 474, 482, 483, 455, 457, 462.) All rulings and decisions of the Departments, prior to Kile's case against Tubbs, were in accordance with this official construction. (*Kile et al.* v. *Tubbs,* 6 Copp's Land Owner, 108.)

*J. H. & J. E. Budd,* for Respondent.

The grant of swamp land to the State was complete and satisfied when made, and the State had therefore the absolute right of disposal of all swamp and overflowed lands thereby granted. There was no occasion or possibility to make selection of what was granted. The plaintiff is not entitled to maintain his action, because if the land be swamp land, his title is complete; and if it be not, then he had no rights in the premises.

MYRICK, J.:

This action was brought to obtain judgment, that the defendant holds, as trustee for plaintiff, the title to the lands described in the complaint, and to compel the defendant to convey the same to plaintiff. On demurrer to the complaint, judgment went for defendant. The facts alleged are :

Before July, 1864, the land was duly surveyed by the United States and plat filed, showing it to be swamp land. In September, 1864, the plaintiff bought the land as being swamp, from the State, and after compliance with and payment under the statutes concerning the sale by the State of swamp lands, received in August, 1865, its patent for the premises. Upon investigation ordered by the Commissioner of the Land Office, he, in 1872, adjudged that the land was not swamp, but dry. Pending the investigation (to wit, in May, 1870), the State gave notice of its selection and sale of the land as swamp prior to the passage of the act of Congress of July 23d, 1866. Similar notices had been given in May and

June, 1867.　At the passage of the act of July 23d, 1866, no adverse settler's right had attached, nor was the land within the exceptions stated in the first section of the act.　May 8th, 1873, the defendant made a United States homestead entry of the land.　A contest ensued in the United States Land Department for the title, between the State, claiming by and for Kile, and Tubbs, under a cash commutation of the homestead. The Commissioner adjudged that the land was confirmed to the State, and that the homestead entry be canceled; but the Secretary of the Interior ruled that the claim of the State to confirmation be rejected, on the ground that the land was not confirmed to the State by or under the first section of the act of July 23d, 1866, and that a patent be issued to defendant Tubbs on the homestead entry.　Patent was, accordingly, issued. The plaintiff claims that the decision of the Secretary of the Interior was against law, and that by the law the land was confirmed to the State, and should have been so certified, and prays that defendant's title be decreed to be held by him as trustee for plaintiff, and that defendant be directed to convey the same accordingly.

1. The first section of the act of July 23, 1866, refers to selections made by the State of lands which had not theretofore passed to and become vested in the State.　The act of September 28, 1850, was a grant of the lands therein described, and the State had and could have no voice in the selection.　Under the latter act, the State was not to *select;* it received.　Under the former act it having attempted to select, but by imperfect selections, such selections were made good.

2. If the land in controversy was swamp land, the title having already passed to the State, the Federal officers could not issue a patent as upon a homestead selection of dry land; such patent would be void as issued without authority of law, and, therefore, the void patent could not be held to have conveyed any title, and could not be used to feed a right to title to the land as swamp.　If the land was dry land, the State patent was void, and gave plaintiff no right.　In either case plaintiff can not maintain this action.

Judgment affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.